ACCEPTED
12-14-0030-cv
TWELFTH COURT OF APPEALS
TYLER, TEXAS
3/9/2015 4:08:49 PM
CATHY LUSK
CLERK

## No. 12-14-00300-CV

## COURT OF APPEALS FOR THE TWELFTH DISTRICT OF TEXAS
## TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
3/9/2015 4:08:49 PM
CATHY S. LUSK
Clerk

## IN THE ESTATE OF RODNEY JOE KNIGHT, DECEASED

**On Appeal from the County Court at Law,
Cherokee County, Texas, Cause No. 12025,
The Honorable Kelley D. Peacock, presiding**

## APPELLANT'S BRIEF

Bill Pedersen, III
Texas Bar No. 24030011
Email: bill@bpedlaw.com
2501 Oak Lawn Avenue
Suite 380, LB - 50
Dallas, Texas 75219
Tel. (214) 630-4554
Fax. (214) 630-9264
Attorney for Appellant,
Natosha Moore-Knight

## ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

## Appellant

Natosha Moore-Knight

## Counsel for Appellant:

Bill Pedersen, III
Texas Bar No. 24030011
Email: bill@bpedlaw.com
2501 Oak Lawn Avenue
Suite 380, LB - 50
Dallas, Texas 75219
Tel. (214) 630-4554
Fax. (214) 630-9264
Attorney for Natosha Moore-Knight


## Appellee

Roy D. Knight

## Counsel for Appellee:

Wayne D. Haglund
State Bar No. 08697500
Email: whaglund@haglundlaw.com
P.O. Box 713
107 West Kerr Avenue
Lufkin, Texas 75902
Tel. (936) 639-0007
Fax. (936) 639-0016
Attorney for Roy D. Knight

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL ................................................................2

INDEX OF AUTHORITIES.............................................................. 4-7

STATEMENT OF THE CASE.............................................................8

STATEMENT REGARDING ORAL ARGUMENT ...............................................9

ISSUES PRESENTED.............................................................................10

STATEMENT OF FACTS .............................................................. 11-13

SUMMARY OF THE ARGUMENT .................................................................14

ARGUMENT AND AUTHORITIES.............................................................. 15-30

PRAYER..........................................................................................31

CERTIFICATE OF COMPLIANCE.............................................................32

CERTIFICATE OF SERVICE .............................................................32

INDEX OF AUTHORITIES

Page

CASES

*Affiliated Capital Corp. v. Musemeche,*
   804 S.W.2d 216 (Tex. App.—Houston [14th Dist.] 1991, writ denied) ...............25

Balogh v. Ramos,
   *978 S.W.2d 696 (Tex. App.—Corpus Christi 1998, pet. denied)* ..........................21

*Bell Helicopter Textron, Inc. v. Abbott,*
   863 S.W.2d 139 (Tex. App.—Texarkana 1993, writ denied) ..............................22

*Blanco v. Bolanos,*
   20 S.W.3d 809 (Tex. App.—El Paso 2000, no pet.) ...........................................21

*Burke v. Scott,*
   410 S.W.2d 826 (Tex. Civ. App.—Austin 1967, writ ref'd n.r.e.) ......................20

*Campsey v. Campsey,*
   111 S.W.3d 767 (Tex. App.—Fort Worth 2003, no pet.)....................................21

*Commercial Standard Ins. Co. v. Merit Clothing Co.,*
   377 S.W.2d 179 (Tex. 1964) ................................................................ 16-17

*Condry v. Mantooth,*
   460 S.W.2d 513 (Tex. Civ. App.—Houston [1st Dist.] 1970, no writ). ..............18

*Connor v. Wright*
   737 S.W.2d 42 (Tex. App.--San Antonio 1987, no writ)……...................……17

*Cunningham v. Parkdale Bank,*
   660 S.W.2d 810 (Tex. 1983) ................................................................ 21, 25

*Erback v. Donald,*
   170 S.W.2d 289 (Tex. Civ. App.—Fort Worth 1943, writ ref'd w.o.m.)) ...........18

*Estrada v. Wausau Ins. Co.,*
   985 S.W.2d 480 (Tex. App.—San Antonio 1998, pet. denied)...........................22

*Garza v. Serrato*

    699 S.W.2d 275 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.)...........16, 20

*Gregg v. Cecil*

    844 S.W.2d 851 (Tex. App.--Beaumont 1992, no writ).........................19

*Guerrero-Remirez v. Bd. of Med. Examiners,*

    867 S.W.2d 911 (Tex. App.--Austin 1993, no writ)..........................24

*Hardin v. Hardin,*

    932 S.W.2d 566 (Tex. App.—Tyler 1995, no writ) ..............................................22

*Holmstrom v. Lee,*

    26 S.W.3d 526 (Tex. App.—Austin 2000, no pet.)................................................25

*Houston First Am. Sav. v. Musick,*

    650 S.W.2d 764 (Tex. 1983) ...............................................................27

*In re Estate of Crenshaw,*

    982 S.W.2d 568 (Tex. App.—Amarillo 1998, no pet.) ......................................23

*In re Estate of Redus,*

    321 S.W.3d 160 (Tex. App.—Eastland 2010, no pet.)......................................29

*In re Walters,*

    39 S.W.3d 280 (Tex. App.—Texarkana 2001, no pet.)....................... 22-23, 28

*Interest of J.(B.B) M.,*

    955 S.W.2d 405 (Tex. App.—San Antonio 1997, no pet.) ................................21

*In the Interest of T---*

    715 S.W.2d 416 (Tex. App.—Dallas 1986, no writ)...............................18

*Kirk v. Head,*

    137 Tex. 44, 152 S.W.2d 726 (1941) .................................................27

*LBL Oil Co. v. Int'l Power Services, Inc.,*

    777 S.W.2d 390 (Tex. 1989) ...............................................................22

*New York Party Shuttle, LLC v. Bilello,*

    414 S.W.3d. 206 (Tex. App.--Houston [1st Dist.] 2013, ............................... 17-18

*Nutter v. Abate Cotton Harvesting Co.,*

    430 S.W.2d 366 (Tex. Civ. App.—El Paso 1968, writ ref'd n.r.e.)......................20

*Purselley Indus., Inc. v. Engle,*

    717 S.W.2d 662 (Tex. App.—Tyler 1986, writ ref'd n.r.e.)................................29

*Roob v. Von Beregshasy,*

    866 S.W.2d 765 (Tex. App.—Houston [1st Dist.] 1993, writ denied)............ 16, 20

*Smith v. Lippmann,*

    826 S.W.2d 137 (Tex. 1992) .................................................................................22

*Standard Sav. Ass'n v. Cromwell,*

    714 S.W.2d 49 (Tex. App.—Houston [14th Dist.] 1986, no writ).........................17

*State Farm Fire & Cas. Co. v. Price,*

    845 S.W.2d 427 (Tex. App.—Amarillo 1992, writ dism'd by agr.).....................21

*State v. Wood Oil Distrib., Inc.,*

    751 S.W.2d 863 (Tex. 1988) .................................................................................16

*Ungar v. Sarafite,*

    376 U.S. 575, 84 S. Ct. 841, 11 L. Ed. 2d 921 (1964) .........................................24

*Verhage v. Verhage,*

    2006 WL 1791565 (Tex. App.—Tyler June 30, 2006, no pet.) .................... 25, 28

*Verkin v. Sw. Ctr. One, Ltd.*

    784 S.W.2d 92 (Tex. App.—Houston [1st Dist.] 1989, writ denied)............ 16, 20

*Waste Water, Inc. v. Alpha Finishing & Developing Corp.,*

    874 S.W.2d 940 (Tex. App.—Houston [14th Dist.] 1994, no writ)......................16

*State v. Wood Oil Distributing, Inc.,*

    751 S.W.2d 863 (Tex. 1988)...............................................................................16, 18

## STATUTES

Tex. Estates Code § 55.001 ................................................................29

## RULES

Tex. R. App. P. 9.4(i)(1) ................................................................32

Tex. R. App. P. 9.4(i)(2)(B) ................................................................27

Tex. R. Civ. P. 1 ................................................................21

Tex. R. Civ. P. 2 ................................................................21

Tex. R. Civ. P. 252 ................................................................17

Tex. R. Civ. P. 301 ................................................................25

Tex. R. Civ. P. 67 ................................................................28

Texas Rule of Civil Procedure 245 ................................................................21-23

## STATEMENT OF THE CASE

Appellee filed his Application to Probate Will and for Issuance of Letters Testamentary on November 20, 2013. C.R. 8-10. Following a single evidentiary hearing, the trial court entered an Order Probating Will and Authorizing Letters Testamentary. C.R. 60-61. On September 16, 2014, more than nine months later, over Appellant's objections, and hearing no additional evidence, the trial court entered a final Judgment. C.R. 189-190. This appeal followed. C.R. 191-193.

## STATEMENT REGARDING ORAL ARGUMENT

This case is appropriate for oral argument, so that counsel may emphasize and clarify written arguments in the briefs, and address any concerns or questions the Court may have about the proceedings below and the relief sought by Appellant.

## Issues Presented

1. Did the trial court abuse it's discretion in denying Appellant's verified Motion for Continuance?

2. Did the trial court violate the mandatory terms of Texas Rule of Civil Procedure 245?

3. Was the denial of Appellant's Motion for Continuance so arbitrary as to violate her right to due process?

4. Was the question of informal marriage tried by consent?

## STATEMENT OF FACTS

Rodney Joe Knight died on November 11, 2013, at the age of 58. C.R. 8. Appellant believes that she and the decedent had an informal, or "common-law," marriage. R.R. vol. 2, p. 56, lines 17-19.

Appellee is the decedent's brother. He filed his Application to Probate Will and for Issuance of Letters Testamentary on November 20, 2013. C.R. 8-10. Appellant filed her Answer and Contest of Will on December 2, 2013. C.R. 20. On December 27, 2013, the trial court entered a temporary restraining order and set Applicant, Roy Knight's Original Response to Contestant's Answer and Contest of Will, Motion to Dismiss Claims in Will Contest, Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction and Counter Claim for Attorney's Fees and Sanctions for hearing January 7, 2014, *providing just 11 days' notice to Appellant.* C.R. 25-42, 49-50.

On January 7, Appellant filed her First Amended Opposition to Probate of Will and to Issuance of Letters Testamentary and a verified Motion for Continuance. C.R. 53-59. The trial court then denied Appellant's Motion for Continuance and heard testimony. R.R. vol. 2. p. 5, lines 11-25, p. 6, lines 1-2.

**This was the only evidentiary hearing in this case.**

Following the January 7, 2014, hearing, the trial court signed an Order Probating Will and Authorizing Letters Testamentary. C.R. 60-61. The Order

found, among other things, that "the Contest filed by Natosha Moore raises no grounds to prevent the required probate of the Last Will & Testament of Rodney Joe Knight," admitted the will to probate, and appointed Appellee Independent Executor. C.R. 60-61.

During an August 13, 2104 hearing which "further clarified the January 7, 2014 hearing" Appellee noted that the court had directed the court reporter to provide a copy of the January 7th hearing, and then said, addressing the trial court, "you believed you had disposed of all the issues but acknowledged that it may not have been clear on the record." R.R. vol. 3, p. 8, lines 22-25, p. 9, lines 1-2. The trial court noted during that hearing that it hadn't read the record, but that "all of the testimony was whether or not they were married." R.R. vol. 3, p. 14, line 15, line 19-20. The trial court then went on: "So, this is the Court's position, although I may have procedurally made a mistake not rendering judgment at that time, we did litigate the issue of whether or not the deceased, Mr. Knight and Ms. Natasha Moore were married by common law based on this affidavit that was filed my Mr. Hargrave. And I made my ruling that there is no credible evidence to establish that marriage." R.R. vol. 3, pp. 14-15, lines 22-4.

On September 16, 2014, more than nine months after the only evidentiary hearing in this case, and over Appellant's objections, the trial court entered a Judgment finding that "[a]t the hearing on this cause on the January 7, 2014

hearing, and further clarified in the telephonic hearing on August 13, 2014, all parties appeared through their attorneys of record, the Court considered the pleadings and official records on file in this cause, the evidence, and the arguments of counsel" and then found, *inter alia*, that Appellant had no legal standing, found the Appellant had not proven a marriage relationship, found the allegations in Appellee's Application to Probate Will and for Issuance of Letter Testamentary to be true (again), that "the Contest filed by Natosha Moore raises no grounds to prevent the required probate of the Last Will & Testament of Rodney Joe Knight" (again), ordered that Appellant take nothing, and then dismissed Appellant's will contest. C.R. 189-190. The trial court found that the issue of informal had been tried by consent. R.R. vol. 4, p. 7, lines 1-5. This appeal followed. C.R. 191-193.

## SUMMARY OF THE ARGUMENT

All Appellant wants is a fair opportunity to make her case to a Cherokee County jury, so that they may decide whether or not she and the decedent had an informal marriage. Appellant was only given 11 days' notice, over the holidays, to prepare for the only evidentiary hearing held in this entire case. The trial court abused it's discretion when it arbitrarily denied Appellant's Motion for Continuance, violating Texas Rule of Civil Procedure 245 and Appellant's right to due process. The trial court then imposed the harsh penalty of trial by consent on an issue that was not raised by the pleadings, basing that finding on evidence that was relevant to relief sought by the pleadings, and the announced intentions of the parties, during the hearing. This court must reverse that injustice and allow the Appellant her day in court.

## ARGUMENT AND AUTHORITIES

*"'I'll be judge, I'll be jury,' said cunning old Fury: 'I'll try the whole cause, and condemn you to death.'"*

> *-Lewis Carroll, Alice in Wonderland, Through the Looking Glass*

Appellant believes that she and the decedent had an informal, or "common-law," marriage. R.R. vol. 2, p. 56, lines 17-19. Appellant testified she cohabitated with the decedent for "eight years together." R.R. vol. 2, p. 59, lines 8-9. She testified that they shared finances. R.R. vol. 2, p. 60-61, lines 23-1. She testified that decedent paid her medical bills. R.R. vol. 2, p. 60, lines 16-17. She testified that decedent paid her legal expenses. R.R. vol. 2, p. 64, lines 7-9.

Appellant's First Amended Opposition to Probate of Will and to Issuance of Letters Testamentary and a Motion for Continuance described Appellant as the decedent's "surviving spouse" and incorporated by reference an affidavit sworn to by Appellant, wherein she stated, "On April 24, 2008, Rodney Joe Knight and I agreed to be married and live together as man and wife. From that day forward we did live together as man and wife and held ourselves out to others including the public as being married and being man and wife." C.R. 53 & 57.

The trial court's denial of Appellant's verified Motion for Continuance was made far worse by the imposition of the harsh penalty of trial by consent. The trial court arbitrarily shut the courthouse door for Appellant.

## ISSUE 1 - APPELLANT'S VERIFIED MOTION FOR CONTINUANCE

The decision to grant or deny a continuance rests within the discretion of the trial court. The trial court's order will not be disturbed on appeal unless the record discloses a clear abuse of discretion. *State v. Wood Oil Distributing, Inc.*, 751 S.W.2d 863, 865 (Tex. 1988). In exercising this discretion and determining whether good cause exists for a continuance, the trial judge may take into account the entire procedural history of the case. *Waste Water, Inc. v. Alpha Finishing & Developing Corp.*, 874 S.W.2d 940, 942 (Tex. App.—Houston [14th Dist.] 1994, no writ). On the other hand, the trial court must accept as true statements made in a verified motion or supporting affidavit if the opposing party does not controvert them. *Roob v. Von Beregshasy*, 866 S.W.2d 765, 766 (Tex. App.—Houston [1st Dist.] 1993, writ denied) ; *Verkin v. Sw. Ctr. One, Ltd.*, 784 S.W.2d 92, 94 (Tex. App.—Houston [1st Dist.] 1989, writ denied) ; *Garza v. Serrato*, 699 S.W.2d 275, 281 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.).

To obtain a continuance, the moving party has the burden of establishing both (1) that the need for the continuance is not due to fault or lack of diligence of the moving party or that party's counsel, and (2) that the failure to grant a continuance will result in substantial harm or prejudice to the moving party in the presentation of that party's case or defense. *Commercial Standard Ins. Co. v. Merit*

*Clothing Co.*, 377 S.W.2d 179, 181 (Tex. 1964) ; *Standard Sav. Ass'n v. Cromwell*, 714 S.W.2d 49, 51 (Tex. App.—Houston [14th Dist.] 1986, no writ)).

Appellant's previous counsel raised several good reasons justifying his verified Motion for Continuance of the January 7 hearing. He identified some personal issues which inhibited his ability to prepare, including an unavailable witness, illness in his family (the flu and his mother's heart surgery), an ice storm, and the birth of a grandchild. C.R. 56-59, R.R. vol. 2, pp. 4-5, lines 22-10. These issues, understandable on only 11 days' notice, are not due to fault or lack of diligence of the moving party or that party's counsel.

## AN UNAVAILABLE WITNESS WAS IDENTIFIED

A common reason for applying for a continuance is the unavailability of testimony. Tex. R. Civ. P. 252. To obtain a continuance on this ground, the party must file an affidavit that sets forth the following factors, which are italicized for clarity. Appellant filed a verified Motion for Continuance and supporting affidavits establishing proof of the following factors, and the trial court abused it's discretion in denying Appellant's Motion.

*A description of the facts to be established by the currently unavailable testimony.* This requires naming the witness and describing the facts to which the witness is expected to testify. *Connor v. Wright*, 737 S.W.2d 42, 44 (Tex. App.-- San Antonio 1987, no writ); *New York Party Shuttle, LLC v. Bilello*, 414 S.W.3d

206, 217 (Tex. App.—Houston [1st Dist.] 2013, pet. denied), *In Interest of T----*, 715 S.W.2d 416, 417-418 (Tex. App.—Dallas 1986, no writ). Appellant identified Victor Williams, who was described as the decedent's friend of over thirty years, who would testify that the decedent regularly referred to Appellant as his wife. C.R. 56.

*An explanation of the reasons why the testimony is material to issues in the case.* The movant must show that the witness's absence from trial will result in prejudice. *Condry v. Mantooth*, 460 S.W.2d 513, 515 (Tex. Civ. App.—Houston [1st Dist.] 1970, no writ). The unavailable testimony is not material unless it will be admissible under the pleadings. *Erback v. Donald*, 170 S.W.2d 289, 291 (Tex. Civ. App.—Fort Worth 1943, writ ref'd w.o.m.)); *Condry*, 460 S.W.2d at 515. The witness' extensive experience and personal knowledge of the decedent and his actions which might underlie a claim of informal marriage are self-evidently material to whether decedent believed his will was destroyed and whether or not Appellant qualified as an interested person.

*Facts demonstrating the use of "due diligence" to obtain the testimony.* Many continuances are properly denied because the motion fails to include a showing of due diligence. *Wood Oil Distributing, Inc.*, 751 S.W.2d at 865; *New York Party Shuttle, LLC*, 414 S.W.3d at 218. The allegations addressing due diligence must state with particularity the diligence used and the cause of the

party's failure to produce the witness. *Gregg v. Cecil*, 844 S.W.2d 851, 853 (Tex. App.--Beaumont 1992, no writ).

Appellant's previous counsel described in the motion that he had spoken by telephone with Mr. Williams on January 4, 3 days prior to the hearing, and 7 days after the date he was given notice of the scheduled hearing. C.R. 56. Mr. Williams was leaving for Ohio on business and would be impossible to subpoena on such short notice. C.R. 56. This evidences Appellant's due diligence, especially in light of the intervening holidays, and the issues described above.

*The reasons why the testimony is currently unavailable, if known.* Mr. Williams was leaving for Ohio on business and would be impossible to subpoena on such short notice. C.R. 56.

*That the continuance is not sought for delay only, but that justice may be done.* Appellant's verified Motion for Continuance made this very statement. C.R. 56. Appellant's verified Motion for Continuance was the first and only Motion to Continue the January 7 hearing. The sworn motion and supporting affidavits addressed all the matters outlined above, and are competent proof of each of them. The facts averred in the affidavit in support of the motion for a continuance were based on personal knowledge, and not on hearsay or information and belief. *Nutter v. Abate Cotton Harvesting Co.*, 430 S.W.2d 366, 368 (Tex. Civ. App.—El Paso 1968, writ ref'd n.r.e.).

The trial court must accept as true statements made in a verified motion or supporting affidavit if the opposing party does not controvert them. *Roob*, 866 S.W.2d, 766 (Tex. App.--Houston [1st Dist.] 1993, writ denied) ; *Verkin*, 784 S.W.2d, 94 (Tex. App.--Houston [1st Dist.] 1989, writ denied) ; *Garza*, 699 S.W.2d, 281 (Tex. App.--San Antonio 1985, writ ref'd n.r.e.). The record is absent of any controverting evidence related to Appellant's verified Motion for Continuance. The trial court's denial of Appellant's verified and uncontroverted Motion for Continuance, which met all of the above requirements, constituted an abuse of discretion. *Verkin*, 784 S.W.2d, 94-95 (Tex. App.--Houston [1st Dist.] 1989, writ denied); *Burke v. Scott*, 410 S.W.2d 826, 827-829 (Tex. Civ. App.— Austin 1967, writ ref'd n.r.e.)).

The trial court's denial of Appellant's verified Motion for Continuance was an abuse of discretion, substantially harmed Appellant's ability to present her case, especially in light of the subsequent erroneous imposition of the harsh penalty of trial by consent. This Court should reverse and remand this case.

## <u>Issue 2- Texas Rule of Civil Procedure 245</u>

The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. Tex. R. Civ. P. 1. The Texas Rules of Civil Procedure apply in probate matters unless the rules conflict with specific provisions in the Probate Code. *See* Tex. R. Civ. P. 2; *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 812 (Tex. 1983). The first time a contested case is set for trial, the litigants must be afforded at least 45 days prior notice of the date, unless the parties agree otherwise. Tex. R. Civ. P. 245. But, because it is presumed that a trial court hears a case only after appropriate notice has been given, the obligation lies with the complainant to affirmatively illustrate the lack of notice or compliance with Tex. R. Civ. P. 245. *Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.); *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.). Error resulting from a trial court's failure to provide parties proper notice under Tex. R. Civ. P. 245 is waived if a party proceeds to trial and fails to object to the lack of notice. *Interest of J.(B.B) M.*, 955 S.W.2d 405, 408 (Tex. App.—San Antonio 1997, no pet.); *State Farm Fire & Cas. Co. v. Price*, 845 S.W.2d 427, 432 (Tex. App.—Amarillo 1992, writ dism'd by agr.). A party may waive a complaint by failing to take action when the party receives some, but less than forty-five days' notice. *See Balogh v. Ramos*, 978

S.W.2d 696, 699 (Tex. App.—Corpus Christi 1998, pet. denied))). Appellant took such action when she filed a verified Motion for Continuance. C.R. 56-59.

Appellant filed an answer; therefore, Appellant was entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment to the federal constitution. *LBL Oil Co. v. Int'l Power Services, Inc.*, 777 S.W.2d 390, 390 (Tex. 1989)–91 (Tex.1989). The forty-five day notice provision of Tex. R. Civ. P. 245 is **mandatory**. *Smith v. Lippmann*, 826 S.W.2d 137 (Tex. 1992), *Hardin v. Hardin*, 932 S.W.2d 566, 567 (Tex. App.—Tyler 1995, no writ); *Bell Helicopter Textron, Inc. v. Abbott*, 863 S.W.2d 139, 140 (Tex. App.—Texarkana 1993, writ denied), writ denied (Mar. 30, 1994).

A trial court's failure to comply with Rule 245 in a contested case deprives a party of its constitutional right to be present at the hearing, to voice its objections in an appropriate manner, and results in a violation of fundamental due process. *Blanco*, 20 S.W.3d, 811. Failure to give the required notice constitutes lack of due process and is grounds for reversal. *Id.*, *Estrada v. Wausau Ins. Co.*, 985 S.W.2d 480, 482 (Tex. App.—San Antonio 1998, pet. denied); *see also* *Bell Helicopter Textron, Inc.*, 863 S.W.2d, 140 (failure to comply with Tex. R. Civ. P. 245 renders any first setting notice ineffectual).

The Seventh Court of Appeals recently heard a very similar case, reversed the judgment of the trial court, and remanded that case back to the trial court. *In re*

*Estate of Crenshaw* involved an application to probate a decedent's will and for issuance of letters testamentary. *In re Estate of Crenshaw*, 982 S.W.2d 568 (Tex. App.—Amarillo 1998, no pet.) In that case, the trial court overruled a motion for continuance and held a hearing on seven days' notice, and thereafter overruled the appellant's objections, admitted the will to probate, and appointed an independent executor. *Id.* at 569. The Seventh Court affirmed the mandatory notice requirement of Rule 245. This Court should do likewise, and reverse the trial court's judgment.

## ISSUE 3 - DENIAL OF DUE PROCESS

The denial of a continuance may, in an extreme case, be so arbitrary as to violate due process. Nevertheless, there is no mechanical test for unconstitutional arbitrariness. To make this determination, the reviewing court must consider the circumstances presented to the trial judge at the time the request is denied. *Ungar v. Sarafite*, 376 U.S. 575, 591, 84 S. Ct. 841, 11 L. Ed. 2d 921 (1964) ; *Guerrero-Remirez v. Bd. of Med. Examiners*, 867 S.W.2d 911, 916 (Tex. App.--Austin 1993, no writ).

The facts discussed above clearly explain why the trial court's denial was arbitrary and justify reversal and remand. Appellant was given 11 days' notice of the only conventional trial on the merits she has ever received. This case is extreme, and the trial court's denial of Appellant's verified Motion for Continuance was arbitrary, and denied her due process.

## ISSUE 4 - TRIAL BY CONSENT

The judgment of a trial court shall conform to the pleadings of the parties. Tex. R. Civ. P. 301; *Cunningham*, 660 S.W.2d, 812, *Verhage v. Verhage*, 2006 WL 1791565 (Tex. App.—Tyler June 30, 2006, no pet.). Further, a judgment must be supported by the pleadings and, if not, it is erroneous. *Cunningham*, 660 S.W.2d at 813. A party may not obtain a judgment based upon a theory not pleaded. *Affiliated Capital Corp. v. Musemeche*, 804 S.W.2d 216, 219 (Tex. App.—Houston [14th Dist.] 1991, writ denied). Thus, a party may not be granted relief in the absence of pleadings to support that relief. *Cunningham*, 660 S.W.2d at 813; *Holmstrom v. Lee*, 26 S.W.3d 526, 532 (Tex. App.—Austin 2000, no pet.).

## THE JANUARY 7 HEARING

The January 7 hearing began with the Movant, Appellee, clarifying what the trial court was set to hear that morning. R.R. vol. 2, p. 3, lines 14-23. Appellee identified the two matters to be resolved, an application for a temporary injunction and Appellee's application for probate of the decedent's will. *Id.* As discussed above, Appellant filed a verified Motion for Continuance. C.R. 56-59. Appellant clarified that the verified Motion for Continuance related to the determination of "whether or not she was married to Mr. Knight" and "any hearing as to the validity of the will." R.R. vol. 2, p. 4, lines 17-21. Appellee thereafter stated "It seems to me, Your honor, that it's really not necessary to try the issues of whether or not the

contestant was married to the decedent or not in order to admit the will and name an executor." R.R. vol. 2, p. 6, lines 5-9.

Appellant then, following the denial of her verified Motion to Continue, announced her clear intention to oppose the admission of the will, alleging that the decedent thought the will was destroyed. R.R. vol. 2, p. 8, lines 8-15.

Based on the foregoing, Appellant reasonably believed that the question of informal marriage was not joined, and the trial court's imposition of the harsh penalty of trial by consent was an abuse of discretion.

### APPELLEE APPARENTLY DIDN'T THINK THE ISSUE WAS TRIED BY CONSENT

On May 27, 2014, Appellee filed a "Motion to Dismiss Claims in Will Contest." C.R. 104-109. That motion alleged that Appellant lacked standing and that no live controversy existed. *Id.* That document stated "No further relief is requested by Contestant other than the Last Will & Testament of Rodney Joe Knight, Deceased, not be admitted for probate, the Letters Testamentary not be issued and that the deceased estate be distributed to the person entitled according to law...Contestant seeks no other relief and the Court should enter an order dismissing all claims of the Contestant." C.R. 107. Appellee therefore has *judicially admitted* that no live pleading raised the issue of informal marriage. Assertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions. *Houston First Am. Sav. v. Musick*, 650

S.W.2d 764 (Tex. 1983). Any fact admitted is conclusively established in the case without the introduction of the pleadings or presentation of other evidence. *Kirk v. Head*, 137 Tex. 44, 152 S.W.2d 726 (1941). The facts alleged or admitted in the live pleadings of a party are accepted as true by the court and jury and are binding on the pleader. *Id.*

Interestingly, Appellee also filed a Motion to Compel and for Sanctions. C.R. 90-92. That document sought responses to request for production. C.R. 90. Appellee obviously assumed that litigation continued, that some other issue(s) of consequence remained unresolved, what other purpose would production serve? As late as the August 13, 2014 telephonic hearing, wherein no evidence was heard, but which "further clarified" matters for the Court, Appellee continued to raise the issue of discovery responses. R.R. vol. 3, p. 6. Appellee's counsel thereafter stated "I thought it was pretty clear from my reading of it you disposed of every issue raised by the original handwritten and the amended contest filed by Mr. Hargrave because he, Mr. Pedersen stipulated in his amended response whether or not she was common-law married to the decedent is not material to the will of probate. The only other issue Mr. Hargrave raised in his pleading is the will was not valid because it had been lost or destroyed." R.R. vol. 4, p. 9, lines 5-14.

The August 13, 2104 hearing also included Appellee's claim as follows: "[t]he issue of whether or not there was a common-law marriage was clearly tried

by consent. Mr. Hargrave asked to be able to do that. I didn't object. His two witnesses he brought testified. And I believe the Court has ruled. I think we joined the issue." R.R. vol. 3, p. 13, lines 19-23. Appellee also claimed that "he's not filed any other pleadings," he referring to Appellant's counsel. R.R. vol. 3, p. 13, line 13. That is inaccurate. As noted above, Appellant filed a Petition for Declaratory Judgment on July 31, 2014, two weeks before the August 13 hearing. C.R. 175-176. This was the first pleading in which Appellant ever sought an affirmative determination of the existence of an informal marriage.

## TRIAL BY CONSENT WAS NOT "CLEARLY WARRANTED"

Tex. R. Civ. P. 67 allows issues not raised by the pleadings that are tried by express or implied consent to be treated in all respects as if they had been raised in the pleadings. Tex. R. Civ. P. 67, *Verhage*, 2006 WL 1791565. However, the doctrine of trial by consent is limited to those *exceptional* cases where the parties clearly tried an unpleaded issue by consent. *Verhage*, 2006 WL 1791565, *In re Walters*, 39 S.W.3d 280, 289 (Tex. App.—Texarkana 2001, no pet.). This doctrine should be applied cautiously, not in doubtful situations, and only where it appears from the record that the issue was actually tried, although not pleaded. *Id.* When evidence relevant to both a pleaded and an unpleaded issue has been admitted without objection, the doctrine of trial by consent should not be applied unless clearly warranted. *Id.* To determine whether an issue was tried by consent, we

must examine the record for evidence of trial of the matter, rather than evidence of the issue. *Id.* Even if evidence conclusively establishes a particular theory, that theory is not tried by implied consent by a party's failure to object to the evidence if the evidence was admissible under another pleaded theory. *Purselley Indus., Inc. v. Engle*, 717 S.W.2d 662, 664-665 (Tex. App.—Tyler 1986, writ ref'd n.r.e.).

### THE EVIDENCE WAS ADMISSIBLE UNDER ANOTHER PLEADED THEORY

Applicant, Roy Knight's Original Response to Contestant's Answer and Contest of Will, Motion to Dismiss Claims in Will Contest, Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction and Counter Claim for Attorney's Fees and Sanctions. C. R. 25-42. That pleading denied that Appellant was an interested person in paragraph 1, and, in section III, asserted that Appellant lacked standing. C.R. 25-26.

A person must have an interest in an estate to have standing to file a will contest. Tex. Estates Code Ann. § 55.001. Any person interested in the estate has a right to oppose the probate of a will or to contest its validity after probate whether the person's interest is contingent or absolute. *In re Estate of Redus*, 321 S.W.3d 160 (Tex. App.—Eastland 2010, no pet.).

The same evidence which was offered by Appellant that the trial court found constituted trial by consent of informal marriage related to the question of standing. Because evidence relevant to a pleaded issue, standing, was admitted

without objection, the trial court cannot apply the doctrine of trial by consent to the issue of the unpleaded issue, informal marriage, unless clearly warranted. *Verhage*, 2006 WL 1791565, *In re Walters*, 39 S.W.3d, 289.

Therefore, this Court should reverse the trial court's incautious application of the doctrine of trial by consent, where, as in this situation, the Appellee has admitted that "it may not have been clear on the record," and the Trial court has acknowledged that it "may have procedurally made a mistake not rendering judgment at that time." R.R. vol. 3, p. 8, lines 22-25, p. 9, lines 1-2, pp. 14-15, lines 22-4.

The harsh penalty of trial by consent, effectively shutting the courthouse door to Appellant, is not "clearly warranted" in this case, and the trial court's application of that doctrine was error which requires reversal and remand so that Appellant may have her day in court.

<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court will reverse the Judgment of the Trial court, and remand this case to that Court for further proceedings, so that Appellant may fairly litigate the existence of an informal marriage.

Respectfully submitted,

LAW OFFICE OF BILL PEDERSEN, III, PLLC

By: */s/ Bill Pedersen, III*
Bill Pedersen, III
Texas Bar No. 24030011
Email: bill@bpedlaw.com
2501 Oak Lawn Avenue
Suite 380, LB - 50
Dallas, Texas 75219
Tel. (214) 630-4554
Fax. (214) 630-9264
Attorney for Appellant
Natosha Moore-Knight

## CERTIFICATE OF COMPLIANCE

1.   This brief complies with the type-volume limitations of Tex. R. App. P. 9.4(i)(2)(B) because it contains less than 15,000 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

2.   This brief complies with the typeface requirements of Texas Rule of Procedure 9.4(e) because this brief has been prepared in a proportionally spaced typeface using "Microsoft Word 2010" in fourteen (14) point "Times New Roman" style font.

*/s/ Bill Pedersen, III*
Bill Pedersen, III

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to all counsel of record via electronic filing on this 9th day of March, 2015, as follows:

Wayne D. Haglund                                          *By facsimile and electronic filing*
State Bar No. 08697500
Email: whaglund@haglundlaw.com
P.O. Box 713
107 West Kerr Avenue
Lufkin, Texas 75902
Tel. (936) 639-0007
Fax. (936) 639-0016
Attorney for Roy Knight

*/s/ Bill Pedersen, III*
Bill Pedersen, III

No. 12-14-00300-CV

---

# COURT OF APPEALS FOR THE TWELFTH DISTRICT OF TEXAS
# TYLER, TEXAS

---

# IN THE ESTATE OF RODNEY JOE KNIGHT, DECEASED

---

**On Appeal from the County Court at Law,
Cherokee County, Texas, Cause No. 12025,
The Honorable Kelley D. Peacock, presiding**

---

# APPENDIX
# TO APPELLANT'S BRIEF

---

A.    Applicant, Roy Knight's Original Response to Contestant's Answer and Contest of Will, Motion to Dismiss Claims in Will Contest, Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction and Counter Claim for Attorney's Fees and Sanctions

B.    First Amended Opposition to Probate of Will and to Issuance of Letters Testamentary

C.    Motion for Continuance

D.    Order Probating Will and Authorizing Letters Testamentary

E.    Judgment

# TAB A

No. 12025

| IN THE ESTATE OF | § | IN THE COUNTY COURT AT LAW |
| | § | |
| RODNEY JOE KNIGHT, | § | OF |
| | § | |
| DECEASED | § | CHEROKEE COUNTY, TEXAS |

## APPLICANT, ROY KNIGHT'S ORIGINAL RESPONSE TO CONTESTANT'S ANSWER AND CONTEST OF WILL, MOTION TO DISMISS CLAIMS IN WILL CONTEST, APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION AND COUNTER-CLAIM FOR ATTORNEY'S FEES AND SANCTIONS

Roy D. Knight, Applicant, files this Original Response to Contestant's Answer and Contest of Will.

### I. General Denial

Applicant asserts a General Denial and respectfully requests that the Court require the Contestant to prove her claims, charges, and allegations by clear and convincing evidence as required by the Constitution and Laws of the State of Texas.

### II. Answer

Roy D. Knight, Applicant answers the contest and opposition to the probate of the will filed in the above-entitled proceedings by Natosha Moore, Contestant, as follows:

1. Applicant denies that Contestant is a person interested in the will and Estate of the decedent, and denies that Contestant is an heir or spouse of the decedent.

2. As and for a further defense to Contestant's objections to admission of the decedent's will to probate, Applicant alleges that the opposition to the probate of the decedent's will fails to state facts sufficient to constitute a ground of opposition to contest of the probate of the will and fails to state any claim recognized at law or upon which any relief can be granted.

3. As and for a further defense to Contestant's objections to admission of the Decedent's will to probate, Applicant alleges that Contestant's pleadings raise no legal basis for preventing the admission of the Last Will and Testament of the Decedent to probate or from the appointment of the Applicant as the Independent Executor of the Estate.

Page 1 of 8

4. Applicant presently has insufficient knowledge or information on which to form a belief as to whether there may be additional, as yet unstated, defenses to Contestant's objections to admission of the decedent's will to probate. Applicant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

## III. Motion to Dismiss Claims in Will Contest

Applicant, Roy Knight, who is named by the will to serve as the appointed Independent Executor of the Estate of Rodney Joe Knight, respectfully moves to dismiss the contest and opposition of Natosha Moore to the admission of the will of Rodney Joe Knight, Deceased, dated July 25, 2002, to probate on the following grounds:

Contestant has no legal standing to appear or to raise an objection to admission of the decedent's will to probate, in that Contestant is not an interested party as defined by Texas Estates Code, § 3(r).

Whatever the claimed interest of the Contestant in the Estate, if any, that interest would not be affected by the probate of the Last Will & Testament. *Logan v. Thomason*, 146 Tex. 37, 202 S.W.2d 212, 215(Tex. 1947).

Contestant alleges no legal or factual basis upon which the probate of the will offered can be denied.

There is an urgent need to admit the Last Will & Testament of Rodney Joe Knight to probate and to appoint an Independent Executor in order to access funds of the Estate to pay bills and debts of the Estate as several of the Estate's obligations involve monthly payments which have not been paid since October, 2013.

## III. Verified Defenses

Applicant enters the following verified defense:

Contestant is not entitled to recover in the capacity in which Contestant sues because there is no existing marriage between the parties.

## IV. Affirmative Defenses

Applicant further alleges the following affirmative defenses:

Applicant denies the claim made by Contestant that she was married to the Decedent and states that the Contestant has a threshold burden of proof to first establish the fact of the marriage relationship before she has any interest in the Estate. Without the marriage relationship, the Contestant is a stranger to the Decedent and to this Estate and not an heir at law nor a beneficiary named in the Last Will & Testament.

Even if Contestant can establish a marriage relationship, which Applicant expressly denies, the Contestant has alleged no basis upon which the Court could deny the admission of the will to probate and the appointment of the Independent Executor named to serve in the Last Will & Testament of Rodney Joe Knight, Deceased.

After establishing the fact of the marriage, the Contestant would then have to establish the effective date of the marriage and identify some community property to which she had a widow's election. Absent these basic predicate showings by the Contestant, nothing that the Contestant has alleged would bear upon the admissibility of the will to probate or the eligibility of the Applicant to be appointed the Independent Executor. The Contestant is not an interested party unless and until she can establish the existence of the marriage relationship with the Decedent.

## V. Jurisdiction & Venue

Jurisdiction and venue are proper in Cherokee County, Texas because the Decedent had a fixed place of residence in Cherokee County at the time of his death and because the property of the Estate of Rodney Joe Knight, Deceased, is located in Cherokee County, Texas, and the County Court at Law may hear this proceeding in accordance with the Texas Estates Code.

## VI. Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction

Natosha Moore has filed a handwritten Answer and Contest to the Application for Probate of the Last Will & Testament of Rodney Joe Knight, Deceased. That contest alleges that Natosha Moore was the

wife of the decedent but alleges no grounds that would prevent the probate of the written Last Will & Testament of Rodney Joe Knight, Deceased.

Natosha Moore currently has in her possession a 2001 Mercedes Benz S430 sedan, a 2013 Chevrolet K2500 pickup and a K3 Big Dog custom chopper motorcycle that are currently owned by the Estate of Rodney Joe Knight and titled solely in the name of Rodney Joe Knight. Contestant has stated that she has no intentions on discontinuing the use and enjoyment of the 2001 Mercedes Benz S430 sedan, the 2013 Chevrolet K2500 pickup or the K3 Big Dog custom chopper motorcycle currently owned by the Estate of Rodney Joe Knight.

Because of the Contest filed by Natosha Moore, the Applicant does not have access to the funds of the Decedent with which to pay bills of the Estate. The Applicant has received notices from State Farm Mutual Automobile Insurance Company that the auto insurance coverage on all of the motor vehicles owned by the decedent, including the vehicles in the possession of Natosha Moore, would be cancelled on December 19, 2013 for nonpayment of the premiums. The Policy Cancellation Notices received from State Farm reflect that the Personal Articles policy of Rodney Joe Knight would expire on December 21, 2013; that the Personal Umbrella coverage would expire on December 21, 2013 and that the Home Owner's coverage would be cancelled on December 25, 2013.

Natosha Moore has been notified by telephone conference with her lawyer on the morning of December 17, 2013 and in writing to her counsel of record as of December 18, 2013, that the vehicles are no longer insured as of 12:00 a.m., December 19, 2013.

Natosha Moore has stated to Applicant that she has no intentions of surrendering possession of or discontinuing the use and operation of the vehicles. The counsel for Natosha Moore has advised that Natosha Moore has not secured and likely could not afford to provide insurance coverage on the vehicles owned by the Estate which are in her possession. The Applicant believes that the vehicles owned by the Estate are the only vehicles available for use by Natosha Moore and that Natosha Moore is continuing to operate the vehicles of the Estate on the public roads and highways of Texas without any insurance coverage.

Applicant requests the Court to enter an Order instructing Contestant to provide to Applicant the necessary funds to pay the insurance premiums due for the three motor vehicles currently in her possession. In the alternative, Applicant requests the Court to Order the Contestant to turn over all sets of keys in her possession to any of these motor vehicles and to deliver possession of the motor vehicles to the Court or to the Estate.

Applicant seeks injunctive relief restraining Contestant, Contestant's officers, agents, servants, employees, successors and assigns, and attorneys from engaging in the following actions:

a. Operating any of the motor vehicles owned by the Estate without having full liability and comprehensive insurance coverage insuring the interests of the Estate

b. directly or indirectly selling, giving away, trading, damaging, destroying, wasting, bartering and/or removing personal or real property belonging to the Estate of Rodney Joe Knight, Deceased; and

c. directly or indirectly selling, giving away, trading, damaging, destroying, wasting, bartering and/or removing any and all fixtures and improvements located on, attached to, or affixed to any and all of the real property belonging to the Estate of Rodney Joe Knight, Deceased.

d. Incurring any indebtedness for the Estate or expending any funds of the Estate, using the credit of the Decedent, any credit or debit cards in the name of the Decedent or creating any other financial obligation for the Estate.

The Applicant alleges that the Estate will suffer irreparable harm if the Contestant is allowed to operate the motor vehicles without full liability and comprehensive insurance coverage and that the Estate will be materially depleted if the Contestant is allowed to incur debts and obligations payable by the Estate without authority or oversight.

The Applicant represents that the Contestant has failed and refused to disclose whether she is in possession of any credit or debit cards or other assets and resources of the Estate and further fails and refuses to disclose the names, addresses and account numbers for any such accounts.

The Estate has no adequate remedy at law and this Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction is necessary to preserve the status quo and to preserve the financial integrity of the Estate and to avoid the creation of significant liability of and for the Estate of Rodney Joe Knight, Deceased.

Without the granting of a temporary restraining order and thereafter a temporary and permanent injunction are not granted, Applicant will suffer immediate and irreparable harm.

The Sworn Affidavit of the Applicant, Roy D. Knight and Exhibits thereto are attached as Exhibit A.

Contestant is being provided notice of this Application by way of service of process on her attorney of record, Gilbert M. Hargrave, 6269 FM 2892, Athens, Texas 75752.

### VII. Attorney's Fees, Expenses, Costs, and Interest

It was necessary for Applicant to secure the services of the Haglund Law Firm, P.C. and Wayne D. Haglund, a licensed attorney, to prepare and defend this suit.

The Applicant further alleges that the claims made by the Contestant are not based upon reasonable inquiry into the actual facts surrounding the Estate of Rodney Joe Knight, Deceased. As such, the Applicant alleges that the claims made by the Contestant in this matter are groundless, brought in bad faith or groundless and brought for the purpose of harassment. The Applicant respectfully requests the Court, after notice and hearing, to impose appropriate sanctions upon the Contestant under Rule 215.2(b) of Texas Rules of Civil Procedure and upon the person who signed the Contestant's pleading or upon both, as determined by the Court after hearing.

The Applicant furthers asks the Court to order the Contestant to give security for the probable costs of such proceeding before allowing the Contestant to proceed further with any contest in the Estate under the authority of Section 12(b) of the Texas Estates Code.

In the alternative, the Applicant requests that the Court order the Contestant to pay such reasonable attorney's fees and other costs necessarily incurred in connection with the proceedings and for the preservation and the management of this Estate.

In the alternative, Applicant requests that reasonable attorney's fees, expenses and costs through final judgment be taxed as costs and be ordered paid by the Contestant directly to Applicant or Applicant's attorney, who may enforce the Order in either name. Applicant requests post judgment interest as required by law.

## VII. Prayer

Applicant prays that Contestant's claim be dismissed, that Contestant take nothing and that Applicant be granted all relief requested in this Answer.

Applicant also prays for attorney's fees, expenses, costs, and interest as requested above.

Applicant prays for a temporary restraining order be issued without notice as requested herein, and that after notice and hearing the court issue a Temporary Injunction and a Permanent Injunction granting the relief requested by the Applicant.

Applicant prays the will of the decedent be admitted to probate as the last will and testament of Rodney Joe Knight, Deceased;

Applicant prays for general relief.

Applicant prays the Court grant Applicant such other and further relief as it deems just and proper

Respectfully submitted,

Haglund Law Firm, P.C.
P. O. Box 713
Lufkin, TX 75902
Tel: 936-639-0007
Fax:936-639-0016

By:_____
Wayne D. Haglund
State Bar No. 08697500
Attorney for Applicant

**FILED**
at 11:55 o'clock A M.
**DEC 27 2013**
LAVERNE LUSK
CLERK, COUNTY COURT CHEROKEE CO., TX
By_____ Deputy

Page 7 of 8

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on December 27, 2013.

Wayne D. Haglund
Attorney for Applicant

No. 12025

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE DISTRICT COURT |
| | § | |
| RODNEY JOE KNIGHT, | § | OF |
| | § | |
| DECEASED | § | CHEROKEE COUNTY, TEXAS |

## APPLICANT'S SUPPORTING AFFIDAVIT

Roy D. Knight appeared in person before me today and stated under oath:

"My name is Roy D. Knight. I am above the age of eighteen years, and I am fully competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I am the Applicant in the Application for Probate of the Last Will & Testament of my brother, Rodney Joe Knight, deceased and I am named as Independent Executor of the Estate of Rodney Joe Knight in the Last Will & Testament offered for probate in this case.

Natosha Moore has filed a handwritten Answer and Contest to the Application for Probate of the Last Will & Testament of Rodney Joe Knight, deceased. That contest alleges that Natosha Moore was the wife of the decedent but alleges no grounds that would prevent the probate of the written Last Will & Testament of Rodney Joe Knight, deceased.

Natosha Moore currently has in her possession a 2001 Mercedes Benz S430 sedan, a 2013 Chevrolet K2500 pickup and a K3 Big Dog custom chopper motorcycle that are currently owned by the Estate of Rodney Joe Knight and titled solely in the name of Rodney Joe Knight.

Because of the Contest filed by Natosha Moore, the Applicant does not have access to the funds of the Decedent with which to pay bills of the Estate. The Applicant has received notices from State Farm Mutual Automobile Insurance Company that the auto insurance coverage on all

Exhibit A

of the motor vehicles owned by the decedent, including the vehicles in the possession of Natosha Moore, would be cancelled on December 19, 2013 for nonpayment of the premium. Attached as Exhibit A-1 are copies of the Policy Cancellation Notices received from State Farm. The notices reflect that the Personal Articles policy of Rodney Joe Knight would expire on December 21, 2013; that the Personal Umbrella coverage would expire on December 21, 2013 and that the Home Owner's coverage would be cancelled on December 25, 2013.

Natosha Moore has been notified by telephone conference with her lawyer on the morning of December 17, 2013 and in writing through her counsel of record as of December 18, 2013, that the vehicles are no longer insured as of 12:00 a.m., December 19, 2013. Attached as Exhibit A-2 is a copy of the letter to Natosha Moore's counsel, Gilbert M. Hargrave.

Natosha Moore has stated to me that she has no intentions of surrendering possession of or discontinuing the use and operation of the vehicles. The counsel for Natosha Moore has advised that Natosha Moore has not secured and likely could not afford to provide insurance coverage on the vehicles owned by the Estate which are in her possession. The Applicant believes that the vehicles owned by the Estate are the only vehicles available for use by Natosha Moore and that Natosha Moore is continuing to operate the vehicles of the Estate without any insurance coverage.

The possession of and operation of these vehicles owned by the Estate by Natosha Moore creates unlimited potential liability and threatens the financial integrity of the Estate.

In order to prevent legal liability for the Estate and to prevent the uninsured waste of or damage to these vehicles belonging to the Estate of Rodney Joe Knight, deceased, a temporary restraining order, and, after notice and hearing, subsequent temporary and permanent injunctions to prevent the uninsured operation of these vehicles by Natosha Moore will be needed. If a temporary restraining order and thereafter a temporary and permanent injunction are not granted,

the Estate of Rodney Joe Knight will suffer immediate and irreparable harm with no other adequate remedy at law.

_____
Roy D. Knight

State of Texas                                    §
County of <u>Angelina</u>                        §

SIGNED under oath before me on the 23rd day of December, 2013.

Waynette Brasuell
My Commission Expires
03/26/2014

_____
Notary Public, State of Texas

STATE FARM PAYMENT PLAN
PO Box 2329
Bloomington IL 61702-2329

ATI          2066      0159-6283-25       53
                       6681-FAFD
            002066  0007
KNIGHT, RODNEY J
117 S 1ST ST APT 203
LUFKIN TX  75901-3041

Monthly Account

| NOTICE SENT | DUE BEFORE | AMOUNT DUE |
|---|---|---|
| DEC 4, 2013 | DEC 19, 2013 | $406.16 |

THIS IS THE ONLY CANCELLATION NOTICE YOU WILL RECEIVE.

We noticed one or more of your payments has been late. Please pay this notice timely to avoid a lapse in coverage. As always, you can contact your agent with questions or to discuss additional billing and payment options at State Farm.

## POLICY CANCELLATION INFORMATION

### State Farm Mutual Automobile Insurance Company

| NAME | POLICY NUMBER | DESCRIPTION | CANCEL DATE | BALANCE DUE |
|---|---|---|---|---|
| KNIGHT, RODNEY J | 748 8979-B28-53Q | MULTI-CAR POLICY 2001 MERCEDES 2013 CHEVROLET 2009 FORD 1999 FORD | DEC 19, 2013 | $651.54 |

### State Farm County Mutual Insurance Company of Texas

| NAME | POLICY NUMBER | DESCRIPTION | CANCEL DATE | BALANCE DUE |
|---|---|---|---|---|
| KNIGHT, RODNEY | 120 2348-D28-53A | 2008 BIG DOG | DEC 19, 2013 | $269.29 |

### State Farm Fire and Casualty Company

| NAME | POLICY NUMBER | DESCRIPTION | CANCEL DATE | BALANCE DUE |
|---|---|---|---|---|
| KNIGHT, RODNEY | 53-CV-0350-5 | PERSONAL UMBRELLA | DEC 21, 2013 | $152.50 |

### State Farm Lloyds

| NAME | POLICY NUMBER | DESCRIPTION | CANCEL DATE | BALANCE DUE |
|---|---|---|---|---|
| KNIGHT, RODNEY J | 53-J2-9275-6 | HOMEOWNERS | DEC 25, 2013 | $1,114.67 |

Continued on page 2

ACCOUNTHOLDER COPY

| Agent | J B Carroll | | 87 5210 6040 | Account # | 0159-6283-25 |
| Telephone | 281-890-3100 | | | Prepared Date | DEC 3 2013 |

IF YOU HAVE MOVED, PLEASE CONTACT YOUR AGENT.

PLEASE RETURN THIS PART WITH YOUR CHECK MADE PAYABLE TO STATE FARM.

| NAME | KNIGHT, RODNEY J |
| ACCOUNT NUMBER | 0159-6283-25 Monthly Account |

| DUE BEFORE | AMOUNT DUE |
|---|---|
| DEC 19, 2013 | $406.16 |

Please disregard this notice if payment has been made. Payment required to continue your insurance has not been received. Please pay the full amount due. THIS IS THE ONLY CANCELLATION NOTICE YOU WILL RECEIVE.

2509312189

Insurance Support Center
P.O. Box 680001
Dallas, TX 75368-0001

Exhibit A-1

02312   6681-FAFD   53   ACCOUNTHOLDER COPY

| SFPP Cancel | $406.16 | 1218 |

800402100040616   10001596283251325>

PO Box 2329
Bloomington IL 61702-2329

2066    0159-6283-25    53
6681-FAFD

002066  0007

KNIGHT, RODNEY J
117 S 1ST ST APT 203
LUFKIN TX  75901-3041

Monthly Account

| | NOTICE SENT | DUE BEFORE | AMOUNT DUE |
|---|---|---|---|
| | DEC 4, 2013 | DEC 19, 2013 | $406.16 |

**THIS IS THE ONLY CANCELLATION NOTICE YOU WILL RECEIVE.**

We noticed one or more of your payments has been late.
Please pay this notice timely to avoid a lapse in coverage.
As always, you can contact your agent with questions or to
discuss additional billing and payment options at State Farm.

## POLICY CANCELLATION INFORMATION

State Farm County Mutual Insurance Company of Texas

| NAME   POLICY NUMBER | DESCRIPTION | CANCEL DATE | BALANCE DUE |
|---|---|---|---|
| KNIGHT, RODNEY | | | |
| 53-BA-K472-5 | PERSONAL ARTICLES POLICY | DEC 21, 2013 | $52.78 |

We have not received the payments required to keep these policies in force. In accordance with the cancellation provisions, your policies identified in this notice are hereby canceled effective 12:01 A.M. standard time on the cancellation date specified due to non-payment of the premium.

We welcome the opportunity to provide your future insurance protection. Should you wish to reinstate these policies, please forward your payment immediately. Payment prior to the date and time of cancellation will reinstate your policies. If paid after that date and time, you will be informed whether your policies have been reinstated and if so, the exact date and time of reinstatement.

ACCOUNTHOLDER COPY

| Agent | J B Carroll | | 87 5210 6040 | Account # | 0159-6283-25 |
|---|---|---|---|---|---|
| Telephone | 281-890-3100 | | | Prepared Date | DEC 3 2013 |

**IF YOU HAVE MOVED, PLEASE CONTACT YOUR AGENT.**

ateFarm

| NAME | KNIGHT, RODNEY J |
|---|---|
| ACCOUNT NUMBER | 0159-6283-25 Monthly Account |

**PLEASE RETURN THIS PART WITH YOUR
CHECK MADE PAYABLE TO STATE FARM.**

| DUE BEFORE | AMOUNT DUE |
|---|---|
| DEC 19, 2013 | $406.16 |

Please disregard this notice if payment has been made. Payment required to continue your insurance has not been received. Please pay the full amount due. THIS IS THE ONLY CANCELLATION NOTICE YOU WILL RECEIVE.

2509312189

Insurance Support Center
P.O. Box 680001
Dallas, TX 75368-0001

office use only    02313    6681-FAFD    53    ACCOUNTHOLDER COPY
Prepared DEC 3 2013

| | SFPP Cancel | $406.16 | 1216 |
|---|---|---|---|

800402100040616    100015962832511325>

PO Box 2329
Bloomington IL 61702-2329

ATI          285     0159-6283-25    53
                    6681-FAFD
         000285  0007
KNIGHT, RODNEY J
117 S 1ST ST APT 203
LUFKIN TX  75901-3041

| Monthly Account | | |
| --- | --- | --- |
| NOTICE SENT | DUE BEFORE | AMOUNT DUE |
| DEC 18, 2013 | DEC 19, 2013 | $406.16 |

**THIS IS THE ONLY CANCELLATION NOTICE YOU WILL RECEIVE.**

We noticed one or more of your payments has been late.
Please pay this notice timely to avoid a lapse in coverage.
As always, you can contact your agent with questions or to
discuss additional billing and payment options at State Farm.

## POLICY CANCELLATION INFORMATION

### State Farm County Mutual Insurance Company of Texas

| NAME   POLICY NUMBER | DESCRIPTION | CANCEL DATE | BALANCE DUE |
| --- | --- | --- | --- |
| KNIGHT, RODNEY, ESTATE OF 120 2348-D28-53B | 2008 BIG DOG | DEC 31, 2013 | $294.20 |

We have not received the payments required to keep this policy in force. In accordance with the cancellation provisions, your policy identified in this notice is hereby canceled effective 12:01 A.M. standard time on the cancellation date specified due to non-payment of the premium.

We welcome the opportunity to provide your future insurance protection. Should you wish to reinstate this policy, please forward your payment immediately. Payment prior to the date and time of cancellation will reinstate your policy. If paid after that date and time, you will be informed whether your policy has been reinstated and if so, the exact date and time of reinstatement.

Policy information on your payment plan account has changed since we sent our notice of account closing document.

Only the policy information reflected above changed.

All other information on the previously sent notice is valid.

ACCOUNTHOLDER COPY

| Agent | J B Carroll | | 87 5212 6511 |
| --- | --- | --- | --- |
| Telephone | 281-890-3100 | | |

Account #   0159-6283-25
Prepared Date   DEC 13 2013

**IF YOU HAVE MOVED, PLEASE CONTACT YOUR AGENT.**

**PLEASE RETURN THIS PART WITH YOUR CHECK MADE PAYABLE TO STATE FARM.**

ateFarm

| NAME | KNIGHT, RODNEY J |
| --- | --- |
| ACCOUNT NUMBER | 0159-6283-25 Monthly Account |

| DUE BEFORE | AMOUNT DUE |
| --- | --- |
| DEC 19, 2013 | $406.16 |

Please disregard this notice if payment has been made. Payment required to continue your insurance has not been received. Please pay the full amount due. THIS IS THE ONLY CANCELLATION NOTICE YOU WILL RECEIVE.

2509312189
Insurance Support Center
P.O. Box 680001
Dallas, TX 75368-0001

| | SFPP Cance | $406.16 | 1218 |
| --- | --- | --- | --- |

800402100040616    100015962832511325>

PO Box 2329
Bloomington IL 61702-2329

AT1    286    0159-6283-25  53
          6681-FAFD
    000286  0007
KNIGHT, RODNEY, ESTATE OF
117 S 1ST ST APT 203
LUFKIN TX 75901-3041

| Monthly Account | | |
|---|---|---|
| NOTICE SENT | DUE BEFORE | AMOUNT DUE |
| DEC 16, 2013 | SEE BELOW | SEE BELOW |

THIS IS THE ONLY CANCELLATION NOTICE YOU WILL RECEIVE.
**Note:** A cancellation was also sent to the Payment Plan accountholder who is responsible for payment of this account. This is your notice of cancellation.

## POLICY CANCELLATION INFORMATION

### State Farm County Mutual Insurance Company of Texas

| NAME | POLICY NUMBER | DESCRIPTION | CANCEL DATE | BALANCE DUE |
|---|---|---|---|---|
| KNIGHT, RODNEY, ESTATE OF | 120 2348-D28-53B | 2008 BIG DOG | DEC 31, 2013 | $294.20 |

We have not received the payments required to keep this policy in force. In accordance with the cancellation provisions, your policy identified in this notice is hereby canceled effective 12:01 A.M. standard time on the cancellation date specified due to non-payment of the premium.

We welcome the opportunity to provide your future insurance protection. Should you wish to reinstate this policy, please forward your payment immediately. Payment prior to the date and time of cancellation will reinstate your policy. If paid after that date and time, you will be informed whether your policy has been reinstated and if so, the exact date and time of reinstatement.

Policy information on your payment plan account has changed since we sent our notice of account closing document.

Only the policy information reflected above changed.

All other information on the previously sent notice is valid.

## POLICYHOLDER COPY

| Agent | J B Carroll | | 87 5212 6512 | Account # 0159-6283-25 |
|---|---|---|---|---|
| Telephone | 281-890-3100 | | | Prepared Date DEC 13 2013 |

**IF YOU HAVE MOVED, PLEASE CONTACT YOUR AGENT.**

StateFarm

| NAME | KNIGHT, RODNEY, ESTATE OF |
|---|---|
| ACCOUNT NUMBER | 0159-6283-25 Monthly Account |

PLEASE RETURN THIS PART WITH YOUR CHECK MADE PAYABLE TO STATE FARM.

| DUE BEFORE | AMOUNT DUE |
|---|---|

Please disregard this notice if payment has been made. Payment required to continue your insurance has not been received. Please pay the full amount due. THIS IS THE ONLY CANCELLATION NOTICE YOU WILL RECEIVE.

2509312189
Insurance Support Center
P.O. Box 680001
Dallas, TX 75368-0001

(o1z061ad)

r office use only    00320    6681-FAFD  53  POLICYHOLDER COPY
Prepared DEC 13 2013

| SFPP Cancel | SEE BELOW | 1216 |
|---|---|---|



# Haglund
## Law Firm, P.C.

| 107 West Kerr Avenue | P.O. Box 713 | Lufkin, TX 75902-0713 |
|---|---|---|
| 936-639-0007 (ph) | whaglund@haglundlaw.com | 936-639-0016 (fax) |

December 18, 2013

Via Fax

Mr. Gilbert M. Hargrave
Attorney at Law
6269 FM 2892
Athens, Texas 75752

Re:    *In the Estate of Rodney Joe Knight, Deceased*; Cause No. 12025; In the District Court of Cherokee County, Texas

Dear Mr. Hargrave:

This will confirm the information that I provided to you during our telephone conversation at approximately 9:40 a.m. on Wednesday, December 18, 2013. During that conversation, I informed you that the will contest that you have filed in the above referenced cause of action has prevented my client from being appointed as the Independent Executor and has prevented him from having access to the funds of the estate with which to pay bills and expenses as they accrue.

As I explained to you this morning, when State Farm insurance learned of the death of Mr. Rodney Joe Knight, they rewrote the policies of insurances for Mr. Knight's Estate and required that the premiums by midnight on Thursday, December 19, 2013, that being tomorrow. I am informed that your client, Natosha Moore, is in possession of three (3) of the vehicles belonging to the Estate of Rodney Joe Knight, that being a 2013 Chevrolet K2500 pickup, a 2001 Mercedes Benz S430 sedan, and a K3 Big Dog custom chopper motorcycle. The total of the insurance premiums due by tomorrow night on the vehicles in the possession of your client is a total of $1,013.51.

As I explained to you, my client cannot advance the funds for the payment of insurance on vehicles in the possession of your client, nor can the Estate allow the vehicles to be operated by your client without full auto insurance coverage.

This will confirm that I have told you that it will be necessary for your client to either forward the sum of $1,013.51 to me as a cash item by noon on Thursday, December 19, 2013, or to deliver possession of all three (3) vehicles to my client, Mr. Roy D. Knight, by tomorrow, Thursday, December 19, 2013.

Exhibit A-2

In the event neither of those events occur, my client has instructed to me file suit in the district court of Cherokee County seeking a temporary restraining order, temporary injunction, and permanent injunction to prevent your client from operating those vehicles without insurance payable to the Estate and/or to require your client to surrender those vehicles to the Estate unless and until they are fully and properly insured.

This will also confirm that I have told you that the ad valorem taxes on the real property owned by the decedent are now due and payable and will become delinquent if not paid by January 31, 2014. These taxes are in the amount of $1,150.92 and represent the taxes for tax year 2013.

This will confirm that you have agreed to contact as early as possible on Thursday, December 19, 2013 to advise me of your client's possession as to what she will pay or do to respond to these problems.

I look forward to hearing from you on Thursday, December 19, 2013.

Respectfully,

Wayne D. Haglund
WDH:lmc

Cc:     Mr. Roy D. Knight

FAX(TX)

| # | DATE | START T. | RECEIVER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|---|------|----------|----------|----------|------|-----------|---|------|
| 001 | DEC/18 | 05:05PM | 19036750209 | 0:00:56 | 3 | MEMORY | OK | ECM 5094 |



# Haglund
## Law Firm, P.C.

| 107 West Kerr Avenue | P.O. Box 713 | Lufkin, TX 75902-0713 |
|---|---|---|
| 936-639-0007 (ph) | whaglund@haglundlaw.com | 936-639-0016 (fax) |

## December 18, 2013

## FAX

**To:**      Mr. Gilbert Hargrave

**Fax #:**      903-675-0209

**# Pages:**      3

THIS INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION. IT IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER THIS MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS INFORMATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

ORIGINAL DOCUMENTS WILL NOT BE MAILED UNLESS REQUESTED

# TAB B

IN THE ESTATE OF            §   IN THE COUNTY COURT

                                      §   OF

RODNEY JOE KNIGHT        §   CHEROKEE COUNTY, TEXAS

DECEASED

### FIRST AMENDED OPPOSITION TO PROBATE OF WILL AND TO ISSUANCE OF LETTERS TESTAMENTARY

TO THE HONORABLE COURT:

NATOSHA (MOORE) KNIGHT, contestant, for the purpose of opposing the application for probate of the will of RODNEY JOE KNIGHT, dated July 20, 2002, and for issuance of letters testamentary, filed by ROY D. KNIGHT, proponent, in this Court on November 20, 2013, furnishes the following information to the Court:

I.

Contestant is a person interested in the estate of RODNEY JOE KNIGHT, in that contestant is an heir and the surviving spouse of RODNEY JOE KNIGHT, deceased. Attached is the Affidavit of Natosha Moore Knight concerning facts of the marriage which is incorporated herein for all purposes as if fully set out at length.

II.

Contestant is an individual domiciled in and residing at 101 Roaring Spring Rd, Westworth Village, Texas 76114, Tarrant County.

III.

The following allegations in proponent's application for probate are admitted by contestant and are adopted and made part of this opposition: (1) deceased's name, age, and domicile; (2) the fact, date, and place of deceased's death; (3) the facts showing jurisdiction and venue; and (4) the

## IV.

Excepting the matters admitted in Paragraph III, contestant denies generally the allegations contained in proponent's application for probate and demands strict proof by a preponderance of the credible evidence.

## V.

The instrument dated July 20, 2002, filed in this Court along with the application for probate on November 20, 2013, and purporting to be the last will and testament of RODNEY JOE KNIGHT, deceased, is not a lawful and valid will of RODNEY JOE KNIGHT, deceased, and it should not be admitted to probate.

## VI.

RODNEY JOE KNIGHT, the testator, revoked the instrument dated July 20, 2002, prior to his death by destroying it, so that the copy of that instrument filed by the proponent in these proceedings is of no force and effect. Said destruction was accomplished by acknowledgment of the loss of the instrument through theft and declaration of testator that said loss satisfied his intent to destroy or revoke said instrument and other acts by testator indicating such satisfaction of intent. The instrument was last seen in the presence of the deceased and was not found at the time of his death among his personal effects nor in the customary place where he maintained the instrument.

## VII.

The instrument dated July 20, 2002, is a forgery, in that the signature subscribed to the instrument, which purports to be that of deceased, is in reality not deceased's but that of some other person whose identity is unknown to contestant or page number two has been substituted by person or persons unknown to contestant for the page number two which was part of the instrument at the

2

time of its execution by deceased.

## VIII.

No legal or valid will was made by deceased, and deceased died intestate.

WHEREFORE, contestant requests that the instrument offered by proponent not be admitted to probate, that letters testamentary not be issued pursuant to that instrument, that deceased's estate be distributed to the person entitled to it according to law, and that such other and further orders be made as the Court may deem proper.

Respectfully Submitted,

GILBERT M. HARGRAVE
State Bar No. 08999500
6269 FM 2892
Athens, Texas 75752
903-675-9338
Fax 903-675-0209
Attorney for Contestant
NATOSHA (MOORE) KNIGHT

## CERTIFICATE OF DELIVERY

This is to certify that a true and correct copy of the above and foregoing First Amended Opposition to Probate of Will and to Issuance of Letters Testamentary has this day been delivered to Wayne D. Haglund, attorney of record for Roy D. Knight.

SIGNED this 7th day of January, 2014.

Gilbert M. Hargrave
Attorney at Law
State Bar No. 08999500
6269 FM 2892
Athens, Texas 75752

FILED
at 1:15 o'clock p M.

JAN 07 2014

LAVERNE LUSK
CLERK, COUNTY COURT CHEROKEE CO., TX
By_____ Deputy

3

# TAB C

<u>CAUSE NO. P12025</u>

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | OF |
| RODNEY JOE KNIGHT | § | CHEROKEE COUNTY, TEXAS |
| DECEASED | | |

## MOTION FOR CONTINUANCE

NOW COMES NATOSHA (MOORE) KNIGHT, Contestant, by and through her attorney of record, Gilbert M. Hargrave, requesting that any hearing involving the issues as to the validity of the will made the subject of this cause and the issue as to whether or not Contestant Natosha (Moore) Knight was married to Decedent at the time of his death be continued for ninety days as her Counsel has information to the extent that witnesses are in existence not available at time of trial on January 7, 2014 that can testify to these issues in her favor. Her standing in the case has been challenged and said witnesses are necessary. These witnesses include a business associate of Decedent to wit Victor Williams 400 S.W. Town Drive Apt.501 Tyler Tx 75703 who stated to Counsel for contestant that Decedent regularly referred to Contestant as his wife and he had been friends with Decedent for over thirty years. At the time of these statements made pursuant to a phone call to Counsel late January 4, 2014 he was leaving for Ohio on business and impossible to subpoena on such short notice. Consel has had insufficient time to prepare tese issues for trial since he was retained at the end of November due to medical problems in his family including heart surgery, childbirth complications along with flu-like illnesses and an ice storm in North Texas.

This motion is not made merely for delay, but in order that justice may be done.

**FILED**

at 1:15 o'clock P M.

JAN 07 2014

LAVERNE LUSK
CLERK, COUNTY COURT CHEROKEE CO., TX
By_____ Deputy

Respectfully submitted,

Gilbert M. Hargrave
State Bar No 08999500

CAUSE NO. P12025

| IN THE ESTATE OF | § | IN THE COUNTY COURT |
|---|---|---|
| | § | OF |
| RODNEY JOE KNIGHT | § | CHEROKEE COUNTY, TEXAS |
| DECEASED | | |

## AFFIDAVIT OF NATOSHA (MOORE) KNIGHT CONCERNING HER MARRIAGE TO RODNEY JOE KNIGHT

BEFORE ME ON THIS DATE APPEARED THAT PERSON IDENTIFIED TO ME AS NATOSHA (MOORE) KNIGHT AND ON HER OATH DEPOSED AS FOLLOWS:

"My name is Natosha (Moore) Knight. On April 24, 2008, Rodney Joe Knight and I agreed to be married and live together as man and wife. From that day forward we did live together as man and wife and held ourselves out to others including the public as being married and being man and wife. During this period of time we resided in Cherokee and Travis ~~Travis~~ Tarrant County. Mr. Knight is the decedent in this cause.

Further Affiant sayeth not."

_Natosha Moore Knight_
NATOSHA (MOORE) KNIGHT

SUBSCRIBED AND SWORN TO BEFORE ME on this the 7th day of January 2014.

_Autumn Doring_
NOTARY PUBLIC, STATE OF TEXAS

AUTUMN DORING
Notary Public, State of Texas
My Commission Expires
July 13, 2017

FILED
at 1:15 o'clock P M.

JAN 07 2014

LAVERNE LUSK
CLERK, COUNTY COURT CHEROKEE CO., TX
By_____ Deputy

# TAB D

No. 12025

| IN THE ESTATE OF | § | IN COUNTY COURT AT LAW |
| | § | |
| RODNEY JOE KNIGHT, | § | OF |
| | § | |
| DECEASED | § | CHEROKEE COUNTY, TEXAS |

## ORDER PROBATING WILL AND
## AUTHORIZING LETTERS TESTAMENTARY

On this day came on to be heard the Application filed herein by Roy D. Knight on January 7, 2014, for the probate of the Will of Rodney Joe Knight, hereinafter called Decedent, and for the issuance of Letters Testamentary.

The Court, after having heard and considered the evidence, finds that legal notices of the filing of said Application have been issued and posted in the manner and for the length of time required by law, the Court finds that Contest filed by Natosha Moore raises no grounds to prevent the required probate of the Last Will & Testament of Rodney Joe Knight, deceased; and it further appearing that said Will was executed on July 25, 2002 with the formalities and solemnities and under the circumstances required by law to make it a valid Will, was self-proved according to law during the lifetime of said Decedent; that such Will has not been revoked by Decedent; that Decedent died at Carrizo Springs, Dimmitt County, Texas on November 11, 2013; that this Court has jurisdiction and venue over the estate because Decedent was domiciled in Texas and had a fixed place of residence in Cherokee County, Texas at the time of his death; that four years have not elapsed since the death of Decedent or prior to the said Application; that a necessity exists for the administration of this estate; that a marriage of the Decedent was dissolved after the will was made, as follows:  Decedent divorced Becky Knight in the year of 2008, in Harris County, Texas, that no state, governmental agency of the state, nor charitable

organization is named by the Will as a devisee; that Decedent's Will named Roy D. Knight to serve as Independent Executor to act independently without bond or other security, and the said Roy D. Knight is not disqualified by law from serving as such or from accepting Letters Testamentary, and is entitled to such letters.

IT IS THEREFORE ORDERED AND DECREED by the Court that said Will is hereby proved and established and admitted to probate and recorded as the LAST WILL AND TESTAMENT of said Rodney Joe Knight, Deceased, and that Roy D. Knight be, and is hereby appointed Independent Executor of said Will and Estate to serve without bond.

IT IS FURTHER ORDERED by the Court that Letters Testamentary upon the Will and Estate of Rodney Joe Knight, Deceased, be and the same are hereby granted, that the Clerk shall issue said Letters Testamentary to Roy D. Knight, as Independent Executor, when qualified according to law, and that no other action shall be had in this Court other than the return of an Inventory, Appraisement and List of Claims or an affidavit in lieu of the Inventory, Appraisement and List of Claims, as required by law and the notice to beneficiaries required by Section 128A of the Texas Probate Code. No interested person has filed an application for the appointment of appraisers, and appointment of appraisers by the Court is waived.

SIGNED this 7ᵗʰ day of January, 2014.

_____
JUDGE PRESIDING

FILED
at 4 o'clock P M.

JAN 07 2014

LAVERNE LUSK
CLERK, COUNTY COURT CHEROKEE CO., TX
By_____ Deputy

# TAB E

No. P12025

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT AT LAW |
| | § | |
| RODNEY JOE KNIGHT, | § | OF |
| | § | |
| DECEASED | § | CHEROKEE COUNTY, TEXAS |

## JUDGMENT

At the hearing on this cause on January 7, 2014, and further clarified in the telephonic hearing on August 13, 2014, all parties appeared through their attorneys of record, the Court considered the pleadings and official records on file in this cause, the evidence, and the arguments of counsel and rendered the following judgment:

1. Contestant has no legal standing to appear or to raise an objection to admission of the decedent's will to probate, in that Contestant is not an interested party as defined by Texas Estates Code, § 3(r).

2. Contestant has not established the fact of the marriage relationship between she and the Decedent, Rodney Joe Knight. Without a marriage relationship, the Contestant is a stranger to the Decedent and to this Estate and not an interested party in this probate action.

3. Contestant has not established, by a preponderance of the evidence, the fact of any marriage relationship with the decedent.

4. The Court having heard the evidence and having reviewed the Last Will & Testament of Rodney Joe Knight, deceased, and the other documents filed in this proceeding, finds the allegations contained in the Application to Probate Will are true, that Decedent Rodney Joe Knight left a Will dated *July 25, 2002*, executed with the formalities and under the circumstances required by law to make it a valid Will; that

189

the Contest filed by Natosha Moore raises no grounds to prevent the required probate

of the Last Will & Testament of Decedent, that the Will was not revoked by

Decedent; that all of the necessary proof required for the probate of the Will has been

made; that the Will is entitled to probate; that in the Will, Decedent named *Roy D.*

*Knight* as Independent *Executor of his estate* to serve without bond, who is duly

qualified and not disqualified by law to act as such and to receive Letters

Testamentary; and that a necessity existed for the administration of this Estate.

It is accordingly ADJUDGED that Natosha Moore, Contestant, take nothing from the Estate of

Rodney Joe Knight, Deceased.

It is ORDERED that Contestant's Contest and Opposition to Probate of Will and

Issuance of Letters Testamentary is **DISMISSED** on the grounds that all relief requested by the

contestant in her pleadings have been denied after hearing.

*This judgment finally disposes of all parties and all claims properly before court this day and is appealable.*

~~This judgment finally disposes of all parties and all claims and is appealable.~~

SIGNED on *September 16, 2014*

*[signature]*
JUDGE PRESIDING

**FILED**
at \_\_\_2:05\_\_ o'clock \_\_\_P\_\_ M.

SEP 16 2014

LAVERNE LUSK
CLERK, COUNTY COURT CHEROKEE CO., TX
By_____ Deputy

190

TAB F

982 S.W.2d 568
Court of Appeals of Texas,
Amarillo.

In re ESTATE OF Margarete CRENSHAW,
Deceased.

No. 07–97–0386–CV. | Nov. 10, 1998.

Beneficiary in will filed application to probate will and for issuance of letters testamentary, and another beneficiary filed objection and request for jury trial. After transfer, the County Court at Law No. 1, Lubbock County, Sam Medina, J., denied objection and ordered applicant appointed as independent executor. Objecting beneficiary appealed. The Court of Appeals, Boyd, C.J., held that: (1) order appointing executor of estate over objection sufficiently adjudicated substantial right to provide appellate jurisdiction; (2) statute authorizing any person interested in estate to file opposition and be heard as in other suits established that objecting beneficiary was entitled to protection of rule requiring 45 days notice before first trial setting; and (3) failure to provide 45 days notice before first trial setting required reversal.

Reversed and remanded.

West Headnotes (7)

[1] **Appeal and Error**
⟐⟐Determination of Questions of Jurisdiction in General

Appellate court has duty to determine, sua sponte, its jurisdiction to hear an appeal, even though the question has not been raised by the parties.

Cases that cite this headnote

[2] **Appeal and Error**
⟐⟐Necessity of Final Determination

Final judgment disposing of all of the issues before the trial court is a prerequisite to an appeal, unless an exception applies.

1 Cases that cite this headnote

[3] **Courts**
⟐⟐Review and Vacation of Proceedings

Statute authorizing appeals from any court exercising original probate jurisdiction requires only that the challenged order finally adjudicates a substantial right. V.A.T.S. Probate Code, § 5(f).

2 Cases that cite this headnote

[4] **Appeal and Error**
⟐⟐Probate Proceedings

Order appointing executor of estate over objection sufficiently adjudicated substantial right to provide appellate court with jurisdiction to consider appeal.

2 Cases that cite this headnote

[5] **Executors and Administrators**
⟐⟐Withdrawing Estate from Administration

Failure to provide 45 days notice before first trial setting in contested case required reversal of order appointing independent executor for estate. Vernon's Ann.Texas Rules Civ.Proc., Rule 245.

3 Cases that cite this headnote

[6] **Executors and Administrators**
⟐⟐Withdrawing Estate from Administration

Testator's power to select an independent executor is not absolute, in light of statute precluding specific classes from serving as executor. V.A.T.S. Probate Code, § 78.

Cases that cite this headnote

[7] **Executors and Administrators**
⬤═Withdrawing Estate from Administration

Statute authorizing any person interested in estate to file opposition before any issue is decided by court, and to be heard upon such opposition as in other suits, established that decedent's son who was named beneficiary of will was entitled to protection of rule requiring 45-days notice before first trial setting on issue of his objection to appointment of his brother as independent executor of decedent's estate. V.A.T.S. Probate Code, § 10; Vernon's Ann.Texas Rules Civ.Proc., Rule 245.

2 Cases that cite this headnote

**Attorneys and Law Firms**

*569 Ward, Freels & Cook, Gary A. Ward, Lubbock, for appellant.

Jack McClendon, Lubbock, for appellee.

Before BOYD, C.J., and DODSON and QUINN, JJ.

**Opinion**

BOYD, Chief Justice.

This appeal arises from a contest to the appointment of the executor named in the will of Margarete B. Crenshaw and the issuance of letters testamentary. After a hearing held on seven days notice, the trial court overruled the challenge and rendered an order naming the designee in the will as independent executor. Appellant James B. Crenshaw (James) now presents two points in challenge of that order. Finding error in the challenged order, we

reverse.

In 1988, Margarete B. Crenshaw (Margarete) executed a will in which her three sons, William H. Crenshaw, Jr. (William), Charles Andrew Crenshaw (Charles), and James were named as beneficiaries. The will also appointed William as independent executor. Margarete died in October 1995. On August 13, 1997, William filed an application to probate Margarete's will and for issuance of letters testamentary. In that application, William described himself as "the" surviving son of Margarete. In fact, William's brother James also survived their mother[1] and made that fact known to the court by filing an answer objecting to the appointment of William as executor and requesting a jury trial.

In response to the creation of a contested issue, the County Court transferred the case to Lubbock County County Court at Law No. 1. On September 2, 1997, that court set a hearing for September 9, 1997. At that hearing, James moved for a continuance on the ground that Rule 245 of the Rules of Civil Procedure entitled him to notice of not less than 45 days before the first trial setting. The trial court denied this motion and, by an order signed October 1, 1997, the court denied James's objections and appointed William as independent executor. It also ordered the issuance of letters of temporary administration to William. Because William's request had not been for letters of temporary administration, the trial court rendered an order *nunc pro tunc* changing the *570 last paragraph to order the issuance of letters testamentary to William. As we have noted, James now presents two points in challenge of this order.

[1] [2] Initially, even though the question has not been raised by the parties, it is our duty to determine, *sua sponte*, our jurisdiction to hear an appeal. *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex.1990); *Welch v. McDougal*, 876 S.W.2d 218 (Tex.App.—Amarillo 1994, writ denied). Unless an exception applies, a final judgment disposing of all of the issues before the trial court is a prerequisite to an appeal. *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). Here, the challenged order only resolves one issue, the appointment of the executor of Margarete's estate, and is not a final judgment.

[3] [4] Even so, our jurisdiction to hear this appeal is resolved by reference to Section 5(f) of the Probate Code. Tex. Prob.Code Ann. § 5(f) (Vernon Supp.1998). That section provides that "[a]ll final orders of any court exercising original probate jurisdiction shall be appealable to the court of appeals." This only requires that the challenged order finally adjudicates a substantial right.

*Spies v. Milner*, 928 S.W.2d 317, 318 (Tex.App.—Fort Worth 1996, no writ). Appointment of an executor over objection has been held to satisfy that standard. *Id.* at 319; *Christensen v. Harkins*, 740 S.W.2d 69, 74 (Tex.App.—Fort Worth 1987, no writ). Thus, we do have jurisdiction to consider the appeal.

[5] James's first point assigns error to the trial court's denial of his motion for continuance. As noted above, this motion was premised on the dictates of Rule of Civil Procedure 245[2] that parties to contested cases have notice of not less than 45 days before the first trial setting. The amount of notice required for subsequent settings need only be "reasonable." Tex.R. Civ. P. 245. At the hearing, William argued the notice was sufficient that the application had previously been set in the county court. The record does not support that assertion. Indeed, the September 9, 1997 setting was less than 45 days after William's original application. Without James's request or agreement, no previous setting could have met the notice requirement of Rule 245.

[6] William next argues that "a testator's power to select an independent executor is absolute." William makes this statement even though he acknowledges the existence of Probate Code Section 78 defining classes of persons disqualified from serving as executors or administrators. Logically, if Section 78 precludes specific classes from serving, then the testator's power to name the executor of her will is not absolute. William also contends that James failed to allege an objection that raises an issue of William's qualification under Section 78 and that the court's function in appointment of an executor is "essentially ministerial." We disagree.

James's answer asserts the existence of a claim of Margarete's estate against William. This type of asserted conflict of interest is analogous to the numerous cases in which courts have found executors unsuitable. *See Olguin v. Jungman*, 931 S.W.2d 607, 610 (Tex.App.—San Antonio 1996, no writ) (reviewing cases decided under Probate Code Section 78(f)). It is clear from the authority discussed in *Olguin* that James raised a genuine question as to William's qualification under the Probate Code and the court's function in appointment of an executor is not "essentially ministerial."

[7] William also argues that the appointment of an executor "is not a matter for a full adversarial trial," that "the value of a trial ... in a hearing such as this, is negligible," and that James has cited no authority that he has a right to a trial. William's argument fails to give effect to the plain language of Section 10 of the Probate Code. That section provides:

> Any person interested in an estate may, at any time before any issue in any proceeding is decided upon by the court, file opposition thereto in writing and shall be entitled to process for witnesses and evidence, to be heard upon such opposition, as in other suits.

*571 Tex. Prob.Code Ann. § 10 (Vernon 1980). As the decedent's son and a named beneficiary of her will, James is clearly a person interested in Margarete's estate. At the time he filed his written answer objecting to the appointment of William as executor, no executor had been appointed. Therefore, James met the requirements under the statute to have his opposition heard "as in other suits." The phrase "as in other suits" is without qualification. Because probate proceedings are civil in nature, we may safely interpret this language to mean as in other civil suits. Rule 2 delineates the scope of their application to include all actions of a civil nature in justice, county and district courts of Texas, subject to limited exceptions not applicable here. Finding the Rules of Civil Procedure applicable to this contested proceeding, we agree with James that the requirements of Rule 245 must be met. *See Bell Helicopter Textron, Inc. v. Abbott*, 863 S.W.2d 139, 140 (Tex.App.—Texarkana 1993, writ denied) (holding 45–day notice require of Rule 245 mandatory). The record affirmatively shows that James did not have the required 45–day notice to which he was entitled. Thus, we sustain his first point of error.

Our disposition of James's first point requires reversal of the trial court's order. This disposition obviates the necessity to address his second point. Accordingly, we reverse the order of the trial court and remand the cause to that court for further proceedings in accordance with this opinion.

Footnotes

1     This record does not show whether Charles also survived Margarete.

2     All references to rules herein are to the Rules of Civil Procedure.

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.